**CAPITOL BROADCASTING COMPANY, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

New Orleans Television Corporation, American Broadcasting-Paramount Theatres, Inc., Intervenors.

Nos. 17258, 17328.

United States Court of Appeals District of Columbia Circuit.

Argued April 19, 1963.

Decided Aug. 29, 1963.

Mr. Aloysius B. McCabe, Washington, D. C., with whom Messrs. Reed T. Rollo, and Donald L. Gunnels, Washington, D. C., were on the brief, for appellant.

Mr. Herman I. Branse, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, General Counsel, and Daniel R. Ohlbaum, Associate General Counsel, Federal Communications Commission, were on the brief, for appellee. Mrs. Ruth V. Reel, and Mr. Richard M. Zwolinski, Counsel, Federal Communications Commission, also entered appearances for appellee.

Mr. Edward P. Morgan, Washington, D. C., with whom Mr. Herbert E. For-

rest, Washington, D. C., was on the brief, for intervenor, New Orleans Television Corporation.

Mr. David S. Stevens, Washington, D. C., with whom Messrs. James A. McKenna, Jr., and Vernon L. Wilkinson, Washington, D. C., were on the brief, for intervenor, American Broadcasting-Paramount Theatres, Inc.

Messrs. Ernest W. Jennes and Edgar F. Czarra, Jr., Washington, D. C., filed a brief in No. 17,258 on behalf of Association of Maximum Service Telecasters, Inc., as amicus curiae, urging reversal. Mr. James Van R. Springer, Washington, D. C., also entered an appearance for amicus curiae.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

## WASHINGTON, Circuit Judge.

These consolidated appeals raise questions concerning the right of the Federal Communications Commission to grant, without a full hearing, the application of intervenor New Orleans Television Corporation (hereafter referred to as New Orleans TV), permittee on Channel 12 in New Orleans, for a modification of its television construction permit authorizing a change in transmitter site and other changes. Appellant Capitol Broadcasting Company is the licensee of television station WJTV on Channel 12 at Jackson, Mississippi.

The essential question relates to the action of the Commission in permitting "short spacing"—that is, allowing New Orleans TV to establish its station on Channel 12 at a mileage separation from WJTV less than that provided by the Commission's standard rules.

New Orleans TV was granted a construction permit in 1961 to operate a new television station on Channel 12 in New Orleans. The transmitter was to be located about 35 miles south of New Orleans. At this location, there would have been a separation of 190 miles between that transmitter and Capitol's transmitter at Jackson. This separation is the minimum permissible separation under Section 3.610(b) (1) of the Commission's Rules, 47 C.F.R. § 3.610(b) (1), between co-channel stations situated in that part of the country.

Prior to the grant of the construction permit for Channel 12 at New Orleans, the Commission had initiated rule making proceedings (Docket No. 13,340) to consider the advisability of waiving mileage separation requirements in appropriate cases so as to alleviate the shortage of VHF stations in some large cities. As a result of these proceedings, the Commission issued a Report and Order on August 3, 1961, 21 Pike & Fischer, R.R. 1695, in which it stated that it would consider waiver of the rules in ten cities which met certain enumerated conditions, provided that any station authorized to operate at less than the mileage separations specified in the rules would be required to suppress radiation in the direction of existing stations in such manner as to provide those stations with protection from interference equivalent to that which would have been accorded if the proposed station were operated at standard separations. The Commission shortly thereafter issued a Supplement to Report and Order in Docket No. 13,340, 21 Pike & Fischer, R.R. 1709, in which it set forth the standards to be followed in fixing equivalent protection.

New Orleans was not originally included by the Commission among the ten cities with respect to which short spacing was to be considered. But upon the petition of New Orleans TV, the Commission in a Memorandum Opinion and Order, released December 13, 1961, 21 Pike & Fischer, R.R. 1710a, 1710f, added New Orleans to the list, and stated that it would "entertain an application to modify the outstanding construction permit for Channel 12 and interested parties may respond to the application." Although Capitol and other interested parties had filed briefs in opposition to the use of Channel 12 at short spacing in New Orleans, no judicial review of the Commission's action was sought.

On April 3, 1962, New Orleans TV applied for a modification of its construction permit, seeking to move its transmitter site to a point about 9 miles east of the City of New Orleans and only 160 miles from WJTV's transmitter at Jackson. Its application stipulated that visual effective radiated power and antenna height were to be reduced, and that radiation in the direction of Jackson was to be suppressed by means of a directional antenna. This would provide, according to New Orleans TV's engineering statment, which followed the procedures specified by the Commission in making this calculation, protection from interference to WJTV equivalent to that furnished by the minimum mileage, maximum power and antenna height provisions of the Commission's Rules.[1]

Capitol filed a petition to deny the application, asking alternatively for a hearing. Capitol's petition included as an exhibit an affidavit and maps by a radio engineering consultant giving his conclusions as to the effect on the operation of Capitol's station of the pending application of New Orleans TV to change transmitter and antenna site. Other interested parties also objected to the application or sought a hearing. Further pleadings and engineering affidavits were filed on behalf of both sides.

Upon consideration of all the questions raised and the voluminous materials submitted, the Commission found that Capitol was not entitled to an evidentiary hearing under Section 316 of the Communications Act, 47 U.S.C. § 316, for reasons referred to below. It concluded that no substantial or material questions of fact had been presented by the pleadings, that the requested waiver of Section 3.610 (c) of the Rules was warranted, and that a grant of the application for modification of the construction permit would serve the public interest, convenience and necessity. Accordingly, it granted the application subject to five stated conditions designed to afford Capitol protection from interference, equivalent—on a computed basis—to that which it would have had if New Orleans TV's station had been located at the original site. These included provisions for restricting the effective radiated power toward Capitol's station, for monitoring, and for installation of an appropriate reference antenna on New Orleans TV's main antenna so that measurements to determine actual interference at the beginning and periodically thereafter could be obtained.[2]

■ We have considered carefully all the contentions made, and affirm the Commission's order. We think that there was no right to an evidentiary hearing under Section 316(a) of the Act, since under the Commission's opinion and order, Capitol's license was not modified:

---

1. Section 3.612 of the Commission's Rules reads:

"§ 3.612 *Protection from interference.* Permittees and licensees of television broadcast stations are not protected from any interference which may be caused by the grant of a new station or of authority to modify the facilities of an existing station in accordance with the provisions of this subpart. The nature and extent of the protection from interference accorded to television broadcast stations is limited solely to the protection which results from the minimum assignment and station separation requirements and the rules with respect to maximum powers and antenna heights set forth in this subpart." (Note omitted.) 47 C.F.R. § 3.612.

2. The Commission indicated that it would take further alleviating action if the interference in fact proved to be greater. It stated: "We are mindful of our obligation to assure Capitol that it will receive the full measure of protection to which it is entitled under our decision, and, for this reason, we are adding appropriate conditions, set forth below, which we consider adequate to accomplish this purpose. Moreover, in the event the question should subsequently arise regarding the applicant's operation, we will direct every effort toward assuring the requisite protection to Capitol."

We note that the "conditions" include the establishment of monitoring locations at which measurements are to be taken at least once each 90 days. Records are to be maintained to be available to the Commission.

it will not be required to receive more interference from the New Orleans TV station under the modified permit than it would have received if that station had been constructed and operated in accordance with ordinary spacing requirements. The position of Capitol in this case is thus not like that of KOA in Federal Communications Commission v. National Broadcasting Co. (KOA), 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374 (1943). Our decision in Capitol Broadcasting Co. v. Federal Communications Commission, 103 U.S.App.D.C. 252, 257 F.2d 630 (1958), is in no way apropos: it was not concerned with the subject matter here, and it was decided before the Commission determined in Docket No. 13,340 to consider waiver of the minimum spacing requirements in certain localities under stated conditions and by application of specified criteria. We find no misapplication of any of the Commission's Rules.

The factual issues raised by the appellant were considered by the Commission in the light of the engineering affidavits submitted. We find nothing to indicate error on the part of the Commission in appraising the assumptions and principles employed in the various engineering statements. It would seem that the relevant facts were adequately presented in these statements, and nothing suggests to us that a further hearing would produce additional facts that might change the result.

■■■ We agree with the Commission that no substantial and material questions of fact were presented by the pleadings and attachments that could not be and were not resolved as a matter of law. The Commission further found that the modification of the New Orleans TV construction permit would result in

a substantial net gain in coverage and that no showing had been made that this would be inconsistent with the public interest. Equivalent protection from interference, which was thought to be adequate as of the present time, was afforded to Capitol. We can not say that these conclusions are without support and are erroneous. The conditions set forth in Section 309(e) of the Communications Act, 47 U.S.C. § 309(e), for the holding of a hearing under that section thus are not present here.

■■ The Commission decided that Capitol is not entitled to protection from interference as though it were a Zone III station,[3] saying:

"WJTV is by definition a Zone II station. Consequently, it is not entitled to more protection than that being proposed by the applicant, since even if the applicant were to locate in full conformance with the separation requirement, WJTV would still receive the interference against which it is not protected under the present Commission Rules."

We agree that Capitol is not entitled to a greater protection from interference than it presently has. Since the Commission properly rejected this claim as a matter of law, there remained no substantial factual contention requiring the Commission to hold a hearing. See Federal Communications Commission v. WJR, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949); Mississippi River Fuel Corp. v. Federal Power Commission, 108 U.S.App.D.C. 284, 281 F.2d 919 (1960), cert. denied, 365 U.S. 827, 81 S.Ct. 712, 5 L.Ed.2d 705 (1961).

Other questions have been raised, particularly as to the nature and adequacy of the proposed antenna and the reference antenna. But these are engineer-

3. Section 3.610(b) (1) of the Commission's Rules, 47 C.F.R. § 3.610(b) (1), divides the country into three zones, and fixes minimum spacing requirements for cochannel stations on the following basis: Zone I, 170 miles; Zone II, 190 miles; Zone III, 220 miles. New Orleans is in Zone III, and Jackson in Zone II, although very near the boundary between Zones II and III. Sections 3.610(b) (2) and 3.612 of the Commission's Rules provide in substance that interference between two stations in different zones is to be measured by the standards applicable to the lower numbered zone (the zone affording lesser protection).

ing matters lying within the Commission's special competence. On the record before us, we find no reason to disturb the Commission's conclusions with reference to them.

For these reasons, and having in mind the protective conditions imposed by the Commission's order in Case No. 17,258, that order will be affirmed. Case No. 17,328 challenges the special temporary operating authority given the intervenor to continue operation of its station from the Jung Hotel in New Orleans pending the termination of this litigation. As we have affirmed the Commission's order in Case No. 17,258, the temporary authorization involved in No. 17,328 will likewise be affirmed.

So ordered.